UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-61514-BLOOM/Valle

BILL V. YPSILANTIS,

    Plaintiff,

v.

JANET YELLEN, as Secretary,
U.S. Department of the Treasury,
Internal Revenue Service,

    Defendant.
_____/

## ORDER ON MOTION FOR LEAVE TO FILE A SUPPLEMENTAL MEMORANDUM TO PARTIES CROSS-MOTIONS FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court upon Defendant Janet Yellen, U.S. Department of the Treasury, Internal Revenue Service's ("Defendant") Motion for Leave to File a Supplemental Memorandum to Parties' Cross-Motions for Summary Judgment ("Motion"), ECF No. [65]. Plaintiff Bill V. Ypsilantis ("Plaintiff") filed a Response in Opposition to Defendant's Motion, ECF No. [66]. The Court has reviewed the Motion, Plaintiff's Response, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, Defendant's Motion is denied.

On November 13, 2023, the Court issued an Omnibus Order on Motions for Summary Judgment ("Order"), ECF No. [64]. The Order denied Plaintiff's Motion for Summary Judgment and granted Defendants Motion for Summary Judgment in part. *See generally id.* The Court determined that Defendant was entitled to judgment on Counts I and II of Plaintiff's Amended Complaint, but not Count III. The Court reached its conclusion in part due to Defendant's failure to address Count III in its Motion for Summary Judgment. *Id.* at 35.

Case No. 22-cv-61514-BLOOM/Valle

Defendant's Motion seeks leave under Local Rules 56.1(e) and 7.1(c) for the Parties to file supplemental memoranda of law to address Count III of Plaintiff's Amended Complaint. *See generally* Motion. Defendant observes that Local Rule 56.1(e) typically precludes multiple motions for summary judgment, but that it permits multiple motions with "permission of the Court." S.D. Fla. L. R. 56.1(e). Local Rule 7.1(c) provides that "[n]o further or additional memoranda of law shall be filed and served without prior leave of Court." S.D. Fla. L. R. 7.1(c).

Plaintiff's Response argues that Defendant's Motion should be denied. Plaintiff observes that Rule 16 of the Federal Rules of Civil Procedure governs whether the Court may properly grant Defendant's Motion. Plaintiff contends that the Motion should be denied in light of Defendant's failure to show good cause under Rule 16, and granting the Motion would prejudice Plaintiff.

Rule 16 provides that "[a] trial schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16 advisory committee note) (internal citation omitted).

The Court's Scheduling Order, ECF No. [16], required the Parties to file dispositive motions by August 30, 2023. The Court subsequently extended the dispositive motion deadline to September 15, 2023. *See* ECF No. [39]. Defendant's Motion seeks leave for both Parties to file a supplemental memorandum approximately two months after the Court's deadline to file dispositive motions, and less than a month before the December 4, 2023 trial date. *See* ECF No. [16]. Defendant accordingly must demonstrate that good cause exists to modify the Court's deadline to file dispositive motions, a showing which requires demonstrating that this deadline

could not be met "despite the diligence of the party seeking the extension." *Sosa*, 133 F.3d at 1418 (internal quotation marks and citation omitted).

As Plaintiff accurately observes, Defendant does not make any showing that good cause exists under Rule 16. Instead, Defendant relies on Local Rules 56.1(e) and 7.1(c) and *Espinoza v. Galardi S. Enters., Inc.*, No. 14-21244, 2017 WL 4553451, at *5 (S.D. Fla. Oct. 12, 2017) to argue that the Court should grant its Motion. However, Rule 56.1(e) simply affords the Court discretion to permit a party to file multiple summary judgment motions despite the Rule's general prohibition against doing so. *See* S.D. Fla. L. R. 56.1(e). Rule 7.1(c) similarly affords general discretion for the Court to permit parties to file "further or additional memoranda of law[.]" S.D. Fla. L. R. 7.1(c). Neither Local Rule supersedes Rule 16's prohibition on modifying a trial schedule absent a showing of good cause from the moving party, however. Defendant makes no showing that, despite its due diligence, it could not have filed a supplemental memorandum—or a motion for summary judgment addressing all three of Plaintiff's claims—before the Court's September 15, 2023 deadline. The Court accordingly finds that no good cause exists to amend its Scheduling Order to permit filing supplemental memoranda.

Defendant also relies on *Espinoza v. Galardi S. Enters., Inc.*, No. 14-21244, 2017 WL 4553451 (S.D. Fla. Oct. 12, 2017) to argue that granting leave to file supplemental memoranda is proper. In *Espinoza*, the plaintiff sought to "supplement or *amend* the original, timely response with additional arguments." 2017 WL 4553451, at *5 (emphasis in original). The court considered the following three factors to determine if permitting a supplemental response was proper: "(1) whether the adverse party will be prejudiced by the amendment; (2) whether the 'amendment is necessary to insure that the case is adjudicated fairly and justly'; and (3) whether the amendment will help resolve the litigation at an early date." *Id.* (quoting *Factory Direct Tires, Inc. v. Cooper*

Case No. 22-cv-61514-BLOOM/Valle

*Tire & Rubber Co.*, No. 3:11CV255/RV/EMT, 2012 WL 2873232, at *1 (N.D. Fla. June 13, 2012)).

As a threshold matter, the Court is unpersuaded that Rule 16's good cause standard is properly substituted for the three factors discussed in *Espinoza*. Even assuming that those three factors are properly considered here, Defendant has not shown that amendment is proper under that standard. Defendant contends that permitting the Parties to file supplemental memoranda will not prejudice Plaintiff because he also failed to "squarely address" Count III of his Amended Complaint, and because both Parties will be permitted to file a supplemental memorandum addressing Count III. Plaintiff responds that granting the Motion will result in prejudice. Plaintiff's Response indicates that he plans to proceed to trial on Count III, his hostile work environment claim, and that permitting supplemental memoranda at this late stage in the proceedings may foreclose his ability to do so.

Defendant is incorrect that Plaintiff also failed to address Count III in his Motion for Summary Judgment. Plaintiff's Motion for Summary Judgment addressed Counts II and III—retaliation and hostile work environment claims under the Rehabilitation Act—together, relying on the same evidence and legal arguments to support both. *See* ECF No. [41] at 9-11. Although Plaintiff failed to show that he was entitled to judgment on either claim, Plaintiff nonetheless did address Count III, while Defendant did not. Moreover, Plaintiff explicitly argues granting the Motion will prejudice his ability to bring his hostile work environment claim to trial. The fact that limited briefing would be needed to address Count III does not show that granting leave to so is necessary to ensure this action is adjudicated fairly and justly.

Case No. 22-cv-61514-BLOOM/Valle

The Court acknowledges that granting Defendant's Motion may well result in resolving the litigation at an earlier date. Doing so is improper in this instance, however, considering Defendant's failure to demonstrate good cause and the resulting prejudice to Plaintiff.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion, **ECF No. [65]**, is **DENIED**. Count III of Plaintiff's Amended Complaint shall proceed to trial against Defendant.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 16, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to: Counsel of Record